THE NATIONAL CITY BANK OF NEW YORK, demandante y apelado, *v.* ANTONIO ROMAGUERA, JULIO R. BRENES y A. SCHMIDT, demandados y apelantes.

No. 6843.—*Sometido:* Febrero 14, 1936. *Resuelto:* Febrero 20, 1936.

*E. Campos del Toro,* abogado de los apelantes; *Fiddler, Córdova & McConnell,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta acción fué entablada por un endosatario del siguiente pagaré:

"No. B.                                         Vence 18 de enero 1929.

IMPORTE $689.00

"Pagaremos mancomunada y solidariamente a J. Octavio Seix & Co., Inc., o a su orden precisamente el día 18 de enero 1929 la cantidad de SEISCIENTOS OCHENTA Y NUEVE CON' 00/100 DOLLARS, valor entendido.

"Al fiel cumplimiento de esta obligación más los intereses al 12% anual, desde la fecha de su vencimiento, en caso de demora, obligamos todos nuestros bienes presentes y futuros, renunciando los beneficios que nos concede la ley, y nos sometemos expresamente a los Tribunales que elijan los Sres. J. Octavio Seix & Co., Inc., obligándonos a satisfacer las costas, gastos y desembolsos que el cobro de esta obligación ocasione, incluso honorarios de abogado de que los acreedores se valgan en su reclamación.

"Convenimos además en que si el presente documento no se pagare a su vencimiento, se considerará vencida automáticamente cualquier otra obligación suscrita a favor de J. Octavio Seix & Co., Inc., por nosotros, con referencia al contrato mismo causa de este pagaré, y en actitud los acreedores de reclamar su cobro por la vía judicial.

"Firmada en San Juan, P. R., hoy 18 de julio 1928.—(Fdo.) A. Schmidt.—(Fdo.) A. Romaguera.—(Fdo.) Julio R. Brenes.

"Al dorso: J. Octavio Seix & Co., Inc.
por (Fdo.) J. Octavio Seix, Presidente.
Pay to the order of the National City Bank of New York.
Without recourse.
American Colonial Bank of Porto Rico.
(Fdo.) E. Nazario, Asst. Cashier.''

La corte dictó sentencia en favor del demandante.

El primer señalamiento de error era en efecto que el demandante, debido a la terminología del pagaré, fué puesto en la obligación de hacer alguna investigación y que no era un tenedor de buena fe para los efectos de impedir que se levantaran defensas.

Hemos examinado el alegato de los apelantes y ninguno de los casos citados es similar al presente.

En el caso de autos el efecto del documento fué acelerar ciertas otras obligaciones de los demandados, pero la obligación principal era disyuntivamente independiente de la cláusula que hacía que las obligaciones vencieran (*accelerating clause*), y no debía hacer necesaria una investigación.

Por lo tanto, como el demandante era un tenedor de buena fe, la corte no erró al negarse a admitir evidencia tendente a demostrar la verdadera relación entre las partes originales en el contrato.

Creemos que la corte estuvo enteramente justificada al imponer las costas.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.